**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

ALLAN KUEHNEMUND,
KUEHNEMUND POTATO FARMS,
K&T FARMS,

    Plaintiffs,                      CASE NO. 08-CV-14647

v.                                   DISTRICT JUDGE THOMAS L. LUDINGTON
                                         MAGISTRATE JUDGE CHARLES E. BINDER

CROP PRODUCTION SERVICES,
INC.,

    Defendant.
                                     /

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**
(Dkt. 10)

This order is entered under the authority given to this Magistrate Judge in an
Order of Reference issued by District Judge Ludington pursuant to 28 U.S.C.
§ 636(b)(1)(A).

**I.**     **Background**

On December 1, 2008, Plaintiff Allan Kuehnemund filed a motion seeking my disqualification. The motion also requests that a judicial misconduct inquiry be initiated against me, that this case be remanded to the state courts, that all reports and recommendations filed by this judicial officer in cases involving Plaintiff Allan Kuehnemund be reviewed, that all prior orders issued by this judicial officer relating to said Plaintiff be vacated, and that a misconduct report be filed with Chief Judge Lawrence Zatkoff.[1] Defendant responded in opposition to the motion on December 2, 2008, asserting that this motion is another example of Plaintiff Allan Kuehnemund's frivolous filings.

---

[1] I note that Judge Zatkoff ended his service as Chief Judge in 2004.

In support of his motion, Plaintiff cites litigation to collect payment on a $60,000 debt between himself and George Jacobs. Mr. Jacobs is married to Ms. Tracy Jacobs, whom Plaintiff states that I employ as a "legal assistant." Plaintiff also refers to Ms. Jacobs as my "legal advisor." According to Plaintiff,

> [t]he legal advisor to Judge Binder (Ms. Jacobs) has harbored resentment towards the Plaintiff and this resentment and negative posture is obvious in the unfair and unlawful rulings issued by Magistrate Judge Binder, (instigated by Ms. Tracy A. Jacobs)[.])

(Dkt. 10 at 2.)

## II. **Motion Standards**

Motions to disqualify are matters committed to the sound discretion of the assigned judge. *See In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 165 (6th Cir. 1984); *Kelley v. Metropolitan County Bd. of Ed.,* 479 F.2d 810, 811 (6th Cir. 1973). The Sixth Circuit has explicitly determined that disqualification must be predicated upon *extrajudicial* conduct rather than judicial conduct, and that allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Easley v. University of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). Similarly, in *Liteky v. United States*, 510 U.S. 540, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994), the United States Supreme Court held that:

> [f]irst, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved . . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible.

*Id.* at 555 (citations omitted). The Sixth Circuit clarified the meaning of "personal" bias in *Parker v. Sill*, 1993 WL 87432 (6th Cir. 1993), as bias that "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id*. at *2.

In assessing whether such personal bias exists to warrant disqualification, the Sixth Circuit standard is that disqualification is required "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). This standard is an objective one and "is not based on the subjective view of a party." *Id.*

### III.     Discussion

Plaintiff's motion must fail because it is based upon a complete factual error: Ms. Jacobs has never worked for me. Plaintiff entirely misdescribed Ms. Jacobs' position and duties. She is neither a "legal assistant" nor a "legal advisor." Furthermore, she is not employed by this or any other judicial officer. Ms. Jacobs is a deputy clerk who was hired and is paid by the Clerk of Court. Ms. Jacobs has never been assigned to the chambers of this Magistrate Judge. She has, for years prior to this litigation, been assigned by the Clerk to serve as a case manager in the chambers of the United States District Judge assigned to Bay City. She has never discussed with me any litigation, either criminal or civil, involving the Plaintiff. Plaintiff's assertions entirely fail to constitute a basis justifying the requested disqualification. Accordingly, Plaintiff's Motion to Disqualify is **DENIED.**

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

                                                                          s/ *Charles E Binder*
                                                                         CHARLES E. BINDER
Dated: December 2, 2008                            United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Matthew Leitman, and served by first class mail on Allan Kuehnemund, #26225-039, FCI McKean, P.O. Box 8000, Bradford, PA, 16701.

Date: December 2, 2008                      By    s/Jean L. Broucek
                                                                       Case Manager to Magistrate Judge Binder