# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

ALLAN KUEHNEMUND,
KUEHNEMUND POTATO FARMS,
and K & T FARMS,

   Plaintiff,       CASE NO. 08-14647

v.             DISTRICT JUDGE THOMAS LUDINGTON
              MAGISTRATE JUDGE CHARLES BINDER

CROP PRODUCTION SERVICES, INC.,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS AND FOR AN INJUNCTION BARRING FURTHER CLAIMS WITHOUT COURT PERMISSION
(Dkt. 3)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** and that Defendant's request for injunctive relief be **GRANTED.**

## II. REPORT

### A. Introduction

Pending, pursuant from an Order of Reference from United States District Judge Thomas Ludington, is the above-entitled motion. Plaintiffs Allan Kuehnemund, Kuehnemund Potato Farms, and K & T Farms (who shall collectively be referred to as "Plaintiff") has filed a response opposing the motion. (Dkt. 14.) Defendant filed a reply. (Dkt. 15.) After review of the

documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B.    Facts and Arguments of the Parties

This *pro se* lawsuit was originally filed in the Bay County Circuit Court and was removed by Defendant on November 3, 2008.  (Dkt. 1.)[1]  Seven days later, the instant motion to dismiss was filed.  (Dkt. 3.)  Defendant argues that Plaintiff is a vexatious litigator and that the instant case is duplicative of a lawsuit filed against Agrium, Inc. ("Agrium"), the parent corporation of Defendant Crop Production Services, Inc. ("CPS"), in this Court in 2007.  (Dkt. 3 at 8.)  The 2007 lawsuit against Agrium (E.D. Mich. Case No. 07-15246) was dismissed on April 30, 2008, because the claims raised were barred by the statute of limitations.  (Dkt. 3 at Ex. B, C; Case No. 07-15246, Dkt. 15, 19.)

The allegations in the instant complaint are substantially identical to those in the 2007 case against Agrium, i.e., that between 1998 and 2001, Plaintiff purchased fertilizer and chemicals from CPS, a subsidiary of Agrium, and thereafter suffered crop losses and crop failures, which Plaintiff alleges were due to defective and diluted chemicals supplied by CPS.  (Dkt. 1, Ex. 2 ¶ 10; Case No. 07-15246, Dkt. 3 ¶¶ 6-8.)  Defendant maintains that the factual allegations in the instant lawsuit are virtually identical to those stated in the 2007 case.  (Dkt. 3 at 10-11.)  The claims contained in the 2007 lawsuit, i.e., breach of warranties and breach of fiduciary duty, are reasserted in the instant lawsuit with the addition of other legal claims arising out of the same set of facts, such as fraud, exemplary damages, conversion, violation of the Michigan Consumer Protection

---

[1]Plaintiff is currently incarcerated in the McKean Federal Correctional Institution in Bradford, Pennsylvania as a result of a sentence imposed for multiple counts of crop insurance fraud and the making of false statements. (E.D. Mich. Case No. 04-CR-20025-BC).

Act, intentional infliction of emotional distress, product liability, interference with contractual business relationship, and violation of the Magnuson-Moss Warranty Act. (Dkt. 1.)

As indicated in the opinion entered by this Court in the 2007 lawsuit against Agrium, CPS filed a Verified Complaint for Damages and Claim and Delivery against Plaintiff in the Arenac County Michigan Circuit Court in August 2002. (E.D. Mich. Case No. 07-15246, Dkt. 19 at 4-5.) This Court held that Plaintiff's cause of action accrued in August 2002, that Plaintiff was not entitled to application of equitable tolling, and thus, that Plaintiff's cause of action was barred by the statute of limitations. (*Id.*)

Defendant argues that all of the instant claims accrued, at the latest, in 2002[2] and these claims are therefore barred by the statute of limitations just as the claims filed in 2007 were found to be barred. (Dkt. 3 at 14-17.)

## C.   Motion Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted. Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 500 U.S. 544, 127 S. Ct.

---

[2]Defendant contends that the last act that could have caused him emotional distress, or that related to manufacturing for purposes of the product liability, breach of warranty, contract, and Magnuson-Moss Warranty Act occurred in 2001. (Dkt. 3 at 14.)

1955, 1974, 167 L. Ed. 2d 929 (2007).[3] *Twombly* did not change the notion that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted) (emphasis added). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are

---

[3]Although one district court in the Sixth Circuit has restricted *Twombly*'s application to antitrust conspiracy cases, the majority have not. *See Weisbarth v. Geauga Park Dist.,* 499 F.3d 538 (6th Cir. 2007) (declining to resolve scope of *Twombly* decision because not necessary to do so).

considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner v. Klais & Co*., 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  Thus, the documents that are central to the complaint and are attached to the instant motions may be referred to without converting the motion to one for summary judgment.

**D.    Analysis & Conclusion**

**1.    Motion to Dismiss**

Plaintiff's allegations unambiguously state that the conduct giving rise to both his 2007 complaint and the complaint in this case occurred, at the latest, in 2001.  (Dkt. 1, Ex. 2 ¶ 10; Case No. 07-15246, Dkt. 3 ¶¶ 6-8.)  As this Court previously held, Plaintiff's claims arising from this conduct accrued in 2002.  (Case No. 07-15246, Dkt. 19 at 4-5.)  This Court has also held that the limitation period for the claims sounding in breach of contract of which the predominant character is the sale of goods is four years in Michigan.  (Case No. 07-15246, Dkt. 15 at 6, Dkt. 19 at 3.)[4] As in the earlier case, all the claims in the instant case are time barred by operation of the statute of limitations.

The additional legal claims advanced by Plaintiff in the instant suit do not assist him in avoiding limitation periods.  Product liability claims must be brought within three years, and the limitation period for "all other actions" alleging injury to property is three years. MICH. COMP. LAWS § 600.5805(10) and (13).  I therefore suggest that, for the same reasons stated in this Court's Order in Case No. 07-15246 and the reasons above, grant of the instant motion and dismissal of this case is appropriate based on the statute of limitations.

---

[4]The limitation period for breach of contract, for which the predominant character is not the sale of goods, is six years. MICH. COMP. LAWS § 600.5807(8).

I further suggest that the 2007 case dismissal based on the statute of limitations is a decision on the merits that bars the parties and their privies from relitigating issues that were or could have been raised in the previous action, i.e., that *res judicata* also bars the instant action.  Under the *res judicata* or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are met:  (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).  The 2007 case was dismissed because it was barred by the statute of limitations and such a dismissal operates as a judgment on the merits for *res judicata* purposes.  *See Nathan v. Rowen*, 651 F.2d 1223, 1226 (6th Cir. 1981) (dismissal based upon the statute of limitations is a judgment on the merits); *accord, Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).  This is especially true when the "second action [is brought] in the same jurisdiction or in a jurisdiction that would apply the same statute of limitations." *Martel v. Stafford*, 992 F.2d 1244, 1245-46 (1st Cir. 1993) (citing 18 Charles A. Wright et al., *Federal Practice and Procedure* § 4441, at 366 (1981)).  The instant action involves the same plaintiff and a defendant, CPS, who is in privity with its parent corporation, the previous defendant, Agrium.

The issues raised in this action are exactly the same as in the previous action with the addition of several related legal theories that, I suggest, do not prevent *res judicata* from barring the instant action.  "Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit."  *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978) (barring second suit where "first and second suits seek to remedy a single alleged wrong").

6

Accordingly, I recommend that Defendant's motion to dismiss be granted.

## 2.        Request for Injunctive Relief

Defendant also requests that Plaintiff be enjoined from filing further suits against Agrium, CPS, and its affiliates without prior permission from the Court.  (Dkt. 3 at 23.)  Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit . . . ."  *United States v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995).  Therefore, "[t]here is nothing unusual about imposing pre-filing restrictions in matters with a history of repetitive or vexatious litigation."  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  "[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."  *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).  Courts consider five factors to determine whether to enjoin an individual's access to the courts:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Kersh v. Borden Chemical*, 689 F. Supp. 1442, 1450 (E.D. Mich. 1988) (quoted with approval in *Soulliere v. Maxwell,* No. 07-10694, 2007 WL 1018220, at *1 (E.D. Mich. Apr. 2, 2007) (enjoining plaintiff from filing any suit arising out of his arrest on specific date where he had filed two previous lawsuits).

In the instant case, while Plaintiff does not have a long history of vexatious litigation, I suggest that Plaintiff cannot have an objective good faith expectation of prevailing when his claim

7

has previously been dismissed as barred by the statute of limitations and where his argument that the period should be tolled has been rejected in the 2007 case.[5]  Plaintiff is not represented by counsel, who would likely advise him of the futility of his efforts.  Plaintiff has caused needless expenses to the defendant corporations and each fruitless case poses an unnecessary burden on the courts.  Thus, I find that the majority of the factors weigh in favor of injunctive relief.

I further suggest that there is no lesser sanction that would adequately protect this Court and the parties.  The Sixth Circuit has cautioned that "we must use the least restrictive sanction necessary to deter the inappropriate behavior."  *Hyland v. Stevens*, 37 Fed. App'x 770, 771 (6th Cir. 2002).  *See also Kovats v. State of Michigan*, No. 1:06-cv-755, 2008 WL 2095467 (W.D. Mich. May 16, 2008) (warning Plaintiff that sanctions would be imposed if he filed a fourth lawsuit against that particular defendant based on his termination in 1990).  "In most cases, the preferred approach is to require an abusive litigant to obtain leave of the court before filing suit regarding the operative facts that have been the basis for his or her litigiousness."  *Hyland*, 37 Fed. App'x at 771.  Defendant's request for pre-filing restrictions is limited to cases against this Defendant and its parent corporation and thus does not seek to prevent Plaintiff's access to the courts with respect to any other issues and parties.  I suggest that this request is both appropriate and narrowly drawn.  Therefore, I recommend that pre-filing restrictions be imposed, and that

---

[5]I note the possibility that some confusion may have occurred since the order dismissing the case entered in  Case No. 07-15246 stated it was made "without prejudice," implying that Plaintiff would be free to file the same suit again.  However, since the dismissal was based on the expiration of the limitation period and rejected equitable tolling, its effect was a dismissal "with prejudice" as indicated above.  *See Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000) ("Although the district court technically dismissed the [] case without prejudice, that dismissal was involuntary and . . . operated as a dismissal with prejudice, because the statute of limitations had run . . . .").

Plaintiff be enjoined from initiating any further suits in this District against Agrium or CPS without leave of the Court.[6]

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                                    s/ 𝒞harles 𝒠 𝒷inder
                                                    CHARLES E. BINDER
Dated: January 14, 2009                             United States Magistrate Judge



### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Thomas W. Cranmer and Matthew F. Leitman, and on Allan Kuehnemund

---

[6]An example of thorough and specific pre-filing requirements and instructions may be found in *Toodle v. Rice*, No. 1:08 CV 0442, 2008 WL 2323519, at *2 (N.D. Ohio June 2, 2008).

9

#26225039 by first class mail, McKean FCI, Inmate mail/parcels, P.O. Box 8000, Bradford, PA 17601, and served on U.S. District Judge Ludington in the traditional manner.


Date:  January 14, 2009          By____s/Patricia T. Morris_____
                                 Law Clerk to Magistrate Judge Binder