UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLAN KUEHNEMUND,
KUEHNEMUND POTATO FARMS,
and K AND T FARMS,

               Plaintiffs,               Case Number 08-14647-BC

v.                                           Honorable Thomas L. Ludington

CROP PRODUCTION SERVICES, INC.,

               Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFFS' OBJECTION, GRANTING DEFENDANT'S MOTION TO DISMISS, AND ENJOINING PLAINTIFFS FROM FILING ANY COMPLAINTS WITHOUT PRIOR AUTHORIZATION FROM THE COURT

On November 3, 2008, Defendant Crop Production Services, Inc. removed Plaintiffs Allan Kuehnemund, Kuehnemund Potato Farms ("KPF"), and K and T Farms' ("KTF") complaint to this Court. The complaint alleges that Plaintiffs purchased diluted fertilizer and chemicals from Defendant Crop Production Services, Inc. ("Defendant"). On November 10, 2008, Defendant filed a motion to dismiss, arguing that each of the causes of action advanced in the complaint are time barred. On January 14, 2009, Magistrate Judge Charles E. Binder issued a report and recommendation that the Court dismiss Plaintiffs' complaint with prejudice. On January 26, 2009, Plaintiffs objected to the report and recommendation, however, the Court agrees with the magistrate judge. Thus, the Court will **ADOPT** the report and recommendation, **OVERRULE** Plaintiffs' objection, and **GRANT** Defendant's motion to dismiss.

A

On December 10, 2007, Plaintiffs Kuehnemund and KPF filed a complaint against Agrium, Inc., alleging breaches of contract, fiduciary duty, implied warranty, and express warranty. 07-

15246. On April 30, 2008, the Court adopted a report and recommendation to dismiss that complaint because Plaintiffs had not brought his claims within the applicable four-year statute of limitations. 07-15246, dkt. # 19. The Court concluded that the allegations demonstrated that Plaintiffs became aware of Defendant's conduct in August of 2002. Consequently, Plaintiffs' claims accrued at that time and the complaint was filed after the period identified in the relevant statutes of limitations. The Court dismissed Plaintiffs' complaint without prejudice because Plaintiffs suggested that facts existed warranting the equitable tolling of the statutes of limitations. Plaintiffs, however, did not attempt to amend the complaint.

In October of 2008, Plaintiffs filed a complaint in Bay County Circuit Court against Defendant, which alleged the same causes of action advanced in the earlier complaint – breaches of contract, fiduciary duty, implied warranty, and express warranty – and causes of action for fraudulent misrepresentation, intentional infliction of emotional distress, conversion, violating the Consumer Protection Act, codified at Mich. Comp. Laws §§ 445.901, *et seq.*, tortious interference with contract, product liability, and violating of the Magnuson-Moss Warranty Act, codified at 15 U.S.C. §§ 2301, *et seq.*

On November 3, 2008, Defendant removed the complaint to this Court on the basis of federal question jurisdiction. 28. U.S.C. § 1331. Dkt. # 1. On November 10, 2008, Defendant moved to dismiss the complaint because Plaintiffs' claims, predicated on the same underlying factual basis as the earlier complaint, are time barred under the applicable statutes of limitations. The magistrate judge agreed that Plaintiffs' claims are untimely and also concluded that the causes of action advanced for the first time in the instant complaint are barred by the doctrine of res judicata because Plaintiffs waived them by not alleging them in the first complaint.

B

Plaintiffs dispute much of the report and recommendation, but ultimately advances arguments that do not address the magistrate judge's reasoning. As in the previous case, Plaintiffs again contend that the statute of limitations should be tolled. In the earlier case, Plaintiffs argued that the claims accrued in 2006; in the present case, Plaintiffs assert that the claims did not accrue until the completion of a criminal inquiry into Defendant's conduct, or January of 2007. Plaintiff Kuehnemund argues that due to his imprisonment that the applicable limitations periods do not apply and that he had one year from the completion of the term of imprisonment to advance his claims. *See* Mich. Comp. Laws § 600.5851(9).

This argument fails for three reasons. First, to the extent that claims are advanced on behalf of Kuehnemund Potato Farms and K and T Farms, presumably artificial entities, this exception does not apply because neither can "serve a term of imprisonment." *See id.* In addition, a corporate entity may not be represented by a pro se litigant and must have counsel. *See, e.g.*, *N.L.R.B. v. Consol. Food Serv., Inc.*, 81 F.App'x 13, 15 n.1 (6th Cir. 2003) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-03 (1993)).

Second, for this exception to apply, Plaintiff Kuehnemund would need to demonstrate that he was incarcerated at the time the claims accrued, August of 2002. The complaint, however, does not allege that he was incarcerated in August of 2002. While Plaintiff indicates that he is currently incarcerated, a review of the Court's docket indicates that a jury found Plaintiff Kuehnemund guilty of sixteen counts of a criminal indictment on March 4, 2005. *See* case number 04-20025; dkt. # 40. There is no indication that Plaintiff Kuehnemund was incarcerated at the time the claims accrued, thus, the exception does not apply.

Finally, res judicata bars the remaining causes of action. Indeed, Plaintiffs acknowledge that the previous and instant complaints "seek[] to remedy a single alleged wrong." While Plaintiffs argue that the Defendants in the two suits are not in privity, the objection does not identify any authority supporting that proposition. The Court agrees that the elements of res judicata have been satisfied and that Plaintiffs should have alleged these claims in his previous complaint. *See Golden v. C.I.R.*, 548 F.3d 487, 494 (6th Cir. 2008)("Under the doctrine of res judicata, also known as claim preclusion, a party is precluded from bringing a claim when there exists:  (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies[';] (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action.") (quoting *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007) (alteration in original)).

C

In addition, the magistrate judge recommends granting Defendant's request to enjoin Plaintiffs from filing any additional suits against it or its affiliates. In light of the conclusion that Plaintiffs' claims are time-barred, the Court will grant the injunction. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  Plaintiffs will be required to seek the Court's permission before filing any additional complaints.

D

Accordingly, it is **ORDERED** the magistrate judge's report and recommendation is [Dkt. #16] is **ADOPTED** and Plaintiffs' objection [Dkt. # 19] is **OVERRULED**.

It is further ordered that Defendant's motion to dismiss [Dkt. # 3] is **GRANTED**. Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** Plaintiffs are **ENJOINED** from filing any additional complaints in this Court without seeking and obtaining leave of the Court.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: June 23, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 23, 2009

s/Tracy A. Jacobs  
TRACY A. JACOBS

---